UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re: Tamara Wallace,   Case No. 10-32964-pp
  (Chapter 7)

  Debtor.

---

WILLIAM T. NEARY,
United States Trustee,

  Plaintiff,

v.   Adversary No. 10-

CAROLYN DIXON,

  Defendant.

---

**COMPLAINT OF THE UNITED STATES TRUSTEE FOR
A DETERMINATION OF REASONABLE VALUE OF SERVICES,
FOR ASSESSMENT OF PENALTIES UNDER 11 U.S.C. §110,
AND FOR A PERMANENT INJUNCTION ENJOINING CAROLYN DIXON
FROM ACTING AS A BANKRUPTCY PETITION PREPARER**

---

NOW COMES William T. Neary, the United States Trustee for the Eastern District of Wisconsin, by Attorney Debra L. Schneider, who, pursuant to 11 U.S.C. § 110, moves this Court for a determination of the reasonable value of services, penalties, and a permanent injunction enjoining Carolyn Dixon from acting as a Bankruptcy Petition Preparer, and who in support thereof asserts as follows:

### **JURISDICTION**

1. The Plaintiff is the United States Trustee for the Eastern District of Wisconsin, who files this motion under 11 U.S.C. § 110.

Attorney Debra L. Schneider
Office of the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
(414) 297-4499 / Fax (414) 297-4478

2. Venue for this proceeding is in the United States Bankruptcy Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1409(a).

3. This Court has jurisdiction to hear and determine this complaint pursuant to 28 U.S.C. § 157(b)(2)(A). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS

4. The above-referenced Chapter 7 bankruptcy case was filed by Tamara Wallace ("Debtor") on August 6, 2010. *See* Docket Entry #1.

5. On the same date, the Debtor filed an Application to Proceed in Forma Pauperis. *See* Docket Entry #4.

6. The Application, Part D., Question 14 asks:

   Have you paid anyone other than an attorney (such as a bankruptcy petition preparer, paralegal, typing service, or another person) any money for services in connection with this case, including the completion of this form, the bankruptcy petition, or schedules?

   The box was checked "No".

7. The *pro se* Debtor appeared at a hearing held on August 31, 2010, on her Application to Proceed in Forma Pauperis. At the hearing the Debtor advised the Court that Carolyn Dixon assisted her with completing the petition and bankruptcy schedules. The Debtor told the Court that she paid Dixon $350 to prepare her bankruptcy documents.

8. There is nothing on the Petition, Schedules or Statement of Financial Affairs disclosing Dixon as the bankruptcy petition preparer ("BPP").

9. Dixon violated 11 U.S.C. § 110(b)(1) by failing to provide her name, signature and address.

10. Dixon violated 11 U.S.C. § 110(c)(1) and (2) by failing to provide her Social Security Number.

11. Dixon violated 11 U.S.C. § 110(h)(2) by failing to file a declaration under penalty of perjury declaring the fees she received.

**Additional Cases in Which Dixon Has Engaged in Similar Conduct**

    **A.    In Re Bracken, Case No. 10-25527-jes**

12. Similarly, in *In Re Bracken, 10-25527-jes,* Carolyn Dixon acted as a petition preparer and failed to disclose her name, address, Social Security Number, and fees on the documents she prepared. In addition, she prepared and assisted the Debtor in filing an Application to Proceed in Forma Pauperis. On the Application the box was checked "No" at Part D., Question 14 which inquires whether the Debtor paid anyone other than an attorney any money for services in connection with the case, including the completion of the form, the bankruptcy petition, or schedules. The Debtor, Bracken, testified at her section 341 meeting of creditors that she paid Dixon somewhere between $100 and $250 for the preparation of her bankruptcy documents.

    **B.    In Re Rideout, Case No. 10-26169-pp**

13. In *In Re Rideout*, 10-26169-pp, Carolyn Dixon acted as a bankruptcy petition preparer and failed to disclose her name, address, Social Security Number and fees received on the documents she prepared. In addition, she prepared and assisted the Debtor, Rideout, in filing an Application to Proceed in Forma Pauperis. On the

Application the box was checked "No" at Part D., Question 14 which inquires whether the Debtor paid anyone other than an attorney any money for services in connection with the case, including the completion of the form, the bankruptcy petition, or schedules. Rideout, testified at her section 341 meeting of creditors that she paid Dixon $300 in cash.

### C. In Re Billos, Case No. 10-29098-svk

14. In *In Re Billos*, 10-29098, Carolyn Dixon acted as a bankruptcy petition preparer and failed to disclose her name, address, Social Security Number and fees received on the documents she prepared. When the Debtor, Billos, was asked at her section 341 meeting of creditors whether she had help with preparing her bankruptcy documents, she testified that Carolyn Dixon assisted her with completing the petition and bankruptcy schedules. Billos testified that she had previously filed Case No. 10-27215-svk with Dixon's assistance; however, that case was dismissed for failure to file the certificate of credit counseling. Billos testified that she paid Dixon $325 for the first case and that Dixon filed the second case at no charge to the Debtor.

### Dixon Was Previously Enjoined From Violating 11 U.S.C. § 110

15. In the case of *In Re Sharon M. McBride*, Case No. 08-29013-pp, Dixon acted as a BPP along with Tiffany Little of First Step Credit Coaching, LLC. In that case, the Office of the United States Trustee brought an adversary case against Little and Dixon seeking a determination of the reasonable value of services, penalties, and a permanent injunction. *See* Adversary Case No. 08-2278.

4

17. In the *McBride* case Dixon stipulated to and was enjoined from engaging in any conduct in violation of 11 U.S.C. § 110. A copy of the order in that case is attached as Exhibit A.

## DETERMINATION OF REASONABLENESS OF FEES UNDER 11 U.S.C. §110(h)

18. The preceding paragraphs are incorporated herein by reference.

19. Upon information and belief, Carolyn Dixon is an adult resident of the State of Wisconsin doing business as 2nd Chance Credit Coaching, 5682 N. 35th Street, Milwaukee, Wisconsin 53209.

20. Carolyn Dixon is a "bankruptcy petition preparer" as that term is defined in 11 U.S.C. § 110(a)(1) because she prepared for compensation the Petition, Schedules, Statement of Financial Affairs, Form B22A and Application to Proceed in Forma Pauperis for filing in this bankruptcy case.

21. Under 11 U.S.C. § 110(h)(3)(A), the court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2) found to be in excess of the value of any services--

    (i) rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition.

22. Because a bankruptcy petition preparer can perform "only the modest service of transcribing or typing bankruptcy forms that the debtor alone must prepare without assistance," a bankruptcy petition preparer may only charge "what professional typists or word processors would charge." In re Bush, 275 B.R. 69, 84-85 (Bankr. D. Idaho 2002).

23. In light of the foregoing, the $350 fee Dixon received is excessive and unreasonable.

## REQUEST FOR AN ASSESSMENT OF PENALTIES UNDER 11 U.S.C. § 110

24. The preceding paragraphs are incorporated herein by reference.

25. All bankruptcy petition preparers must comply with the strict requirements set out in 11 U.S.C. § 110.

26. Under 11 U.S.C. § 110(l)(1), a bankruptcy petition preparer may be fined up to $500 for each violation of § 110.

27. The majority of courts that have considered this section have held that the petition and each of the various schedules and statements required of debtors are separate documents for purposes of § 110. *See* In re Hobbs, 213 B.R. 207, 212 (Bankr. D. Me. 1997), and cases cited therein.

### Violation of § 110(b)(1) - Signature and name & address requirement

28. Under 11 U.S.C. § 110(b)(1), a bankruptcy petition preparer who prepares a document for filing must sign the document and print on the document the preparer's name and address. The penalty for failure to comply with 11 U.S.C. §110(b)(1) is up to $500 for each violation. *See* 11 U.S.C. § 110(l)(1).

29. Dixon failed to place her signature and her name and address on the documents she prepared, and she is therefore subject to a penalty of up to $500.

30. The Court shall triple the amount of the fine assessed under 11 U.S.C. § 110(l)(1) in a case where the Court finds that a bankruptcy petition preparer prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer. *See* 11 U.S.C. § 110(l)(2)(D).

### Violation of § 110(c)(1) - Identifying number requirement

31. Under 11 U.S.C. § 110(c)(1) and (2), a bankruptcy petition preparer who prepares a document for filing must place on the document, after the preparer's signature, an identifying number (such as a social security number) that identifies the individual who prepared the document. The penalty for failure to comply with 11 U.S.C. §110(c) is up to $500 for each violation. *See* 11 U.S.C. § 110(l)(1).

32. Dixon failed to place any number identifying her on the documents she prepared for filing in this case and she is therefore subject to a penalty of up to $500.

33. The Court shall triple the amount of the fine assessed under 11 U.S.C. § 110(l)(1) in a case where the Court finds that a bankruptcy petition preparer prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer. *See* 11 U.S.C. § 110(l)(2)(D).

**Violation of § 110(h)(2) - Declaration of fees requirement**

34. Under 11 U.S.C. §110(h)(2), a bankruptcy petition preparer must file with the petition a declaration under penalty of perjury disclosing any fee received from or on behalf of any debtor within the 12 months immediately preceding the filing of the bankruptcy case and any unpaid fee charged to the debtor. The penalty for failure to comply with 11 U.S.C. § 110(h)(1) is up to $500 for each violation. *See* 11 U.S.C. § 110(l)(1).

35. Dixon failed to file a declaration under penalty of perjury disclosing the $350 in fees she received from the Debtor.

WHEREFORE, the United States Trustee requests that the Court:

1. Find that Dixon violated 11 U.S.C. § 110(b), (c) and (h);

2. Fine Dixon $500 for each violation of 11 U.S.C.§ 110(b), (c) and (h).

3. Review the reasonableness of the fees charged by Dixon and order a turnover of funds found to be in excess of the reasonable value of services under 11 U.S.C. § 110(h)(3);

4. Permanently enjoin Dixon from acting as a bankruptcy petition preparer under 11 U.S.C. §110(j)(1) and (3);

5. Enter a judgment against Dixon, and

6. Award and order such other relief as is just and equitable.

The United States Trustee does not intend to file a brief in connection with this pleading but reserves the right to file a responsive brief or pleading if necessary.

Dated: September 8, 2010.

WILLIAM T. NEARY,
United States Trustee

   /s/
DEBRA L. SCHNEIDER
Attorney for the United States Trustee